# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. RASSAMNI,<br><br>        Plaintiff,<br><br>        v.<br><br>FRESNO AUTO SPA, INC., dba RIVER PARK EXPRESS CAR WASH, STEVAN MATIJEVICH, and DOES 1 to 25, inclusive,<br><br>        Defendants. | 1:18-cv-00738-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 13) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if

1

Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This case concerns Plaintiff A.J. Rassamni's claims against Defendants Fresno Auto Spa, Inc., Stevan Matijevich, and Does 1 through 25 for copyright infringement. Plaintiff filed his complaint on May 29, 2018. ECF No. 1. On August 27, 2018, Defendants Fresno Auto Spa, Inc. and Matijevich (collectively "Defendants") filed a motion to dismiss the complaint. ECF No. 13. Plaintiff filed an opposition on September 7, 2018. ECF No. 14. On September 20, 2018, Defendant filed a reply. ECF No. 15. Pursuant to Local Rule 230(g), the Court determined that the motion to dismiss was suitable for decision on the papers, and the motion was deemed submitted on September 20, 2018. ECF No. 16. For the following reasons, Defendants' motion to dismiss is GRANTED.

## III. BACKGROUND

The following facts are drawn from Plaintiff's complaint, and are accepted as true only for the purposes of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff is the owner of the Great American Car Wash in Fresno, California. ECF No. 1 ¶ 9. Defendant Matijevich is the sole shareholder of Defendant Fresno Auto Spa, Inc., a California corporation doing business as River Park Express Car Wash and located near Plaintiff's car wash. *Id*. ¶ 10. Plaintiff is the owner and author of a car wash brochure and inspection sheet (the "Copyrighted Material"). *Id*. ¶¶ 1, 9, 15. Plaintiff applied for and received copyright registration through the United States Copyright Office. *Id*. ¶ 16.

On or around the summer of 2017 Plaintiff became aware that Defendants had reproduced, distributed, and used the Copyrighted Material without Plaintiff's license or permission. *Id*. ¶¶ 17-18. Plaintiff notified Defendants of the allegedly infringing use and demanded that Defendants cease further use of the Copyrighted Material. *Id*. ¶ 19.

# IV. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of

additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## V. **ANALYSIS**

Defendants argue that the complaint should be dismissed because Plaintiff's complaint does not allege sufficient facts to establish a claim of copyright infringement. Specifically, Defendant notes that the complaint does not identify any specific portions of the Copyrighted Material which were allegedly copied or the works that allegedly infringed upon Plaintiff's copyright. ECF No. 13 at 6. The complaint also does not allege that Defendants had any access to the Copyrighted Material, Defendants argue, nor does it allege when the infringement took place. *Id*. at 7.

The Copyright Act of 1976 provides that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106. "'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work . . . 'is an infringer of the copyright.'" *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) (quoting 17 U.S.C. § 501(a)).

Copyright infringement has two basic elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In the ordinary infringement case, as here, "the dispute centers on the second prong—whether, for example, the copying was a 'fair use,' or whether the materials taken were 'original.'" *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

The second prong "has two distinct components: 'copying' and 'unlawful appropriation.'"

4

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018). The first component is necessary because "if the defendant created his [work] independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement." *Id*. The second component reflects the notion that copyright law forbids only "illicit copying," that is, not copying merely the "ideas" or "concepts" in the plaintiff's work but copying "enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Id*. (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010). A plaintiff may prove copying either by direct evidence or "circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id*. The defendant may rebut such evidence by proving his or her independent creation of the material. *Id*.; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). Many courts in the Ninth Circuit have held that a valid copyright infringement claims "must allege only the basic elements of infringement." *See Basevi, Inc. v. Acorn Co.*, No. CV 08–7145AHMJTLX, 2009 WL 764532, at *4 (C.D. Cal. Mar. 19, 2009) (collecting cases).

    Plaintiff's complaint does not allege the basic elements required for a claim of copyright infringement. While the complaint does plausibly allege the first prong of an infringement claim, that Plaintiff is the author and owner of registered copyrighted materials, and has in a general way identified those materials, the facts alleged do not state a claim that Defendants copied original constituent elements of the works. There are no allegations as to how Defendants unlawfully appropriated the Copyrighted Materials, such as the forms in which the materials were reproduced, how the materials were used, or the timeframe of the reproduction, other than that the infringement was "in the ordinary course of business." ECF No. 1 ¶ 17. Additionally, there are no facts alleged indicating that Defendants either directly copied the materials, or that there is circumstantial evidence of copying. There is no allegation, for example, that Defendants had access to the Copyrighted Materials. *Cf. Rentmeester*, 883 F.3d at 1118 (allegation that the defendant had a reasonable opportunity to view the infringed upon materials sufficiently alleged "copying" component). The allegations here are no more than a "formulaic

recitation of the elements" of infringement, *Twombly*, 550 U.S. at 555, and conclusory statements which are not sufficient to withstand a Rule 12(b)(6) challenge.

Plaintiff cannot sustain his claim merely by asserting that Defendants are infringing on his copyright but that he does "not have knowledge as to precisely how his Copyrighted Material(s) were being used" and hopes to use discovery to ascertain the basic facts of this case. *See* ECF No. 14 at 3. What Plaintiff proposes appears to be no more than a fishing expedition without a reasonable basis. Filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Plaintiff has failed to plead sufficient facts to support his claim of copyright infringement, and the complaint is therefore dismissed. As "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment," *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991), and because Plaintiff has not previously been given an opportunity to amend his pleadings, dismissal shall be with leave to amend.

### VI. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with leave to amend. Plaintiff shall file any amended complaint within 30 days of the date of this order. If Plaintiff chooses to file an amended complaint, non-compliance with this order with be fatal both to the amended complaint and to Plaintiff's case.

IT IS SO ORDERED.

Dated: **September 24, 2018**      /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE