UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. RASSAMNI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO AUTO SPA, INC., dba RIVER PARK EXPRESS CAR WASH, STEVAN MATIJEVICH, and DOES 1 to 25, inclusive,<br><br>　　　　　Defendants. | 1:18-cv-00738-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>(ECF No. 22) |

## I. INTRODUCTION

This case concerns Plaintiff A.J. Rassamni's claims against Defendants Fresno Auto Spa, Inc., Stevan Matijevich, and Does 1 through 25 for copyright infringement. The Court dismissed Plaintiff's complaint with leave to amend on September 25, 2018. ECF No. 17. Plaintiff filed a First Amended Complaint ("FAC") on October 12, 2018. ECF No. 18. On November 2, 2018, Defendants Fresno Auto Spa, Inc. and Matijevich (collectively "Defendants") filed a motion to dismiss the FAC. ECF No. 22. Plaintiff filed an opposition on November 16, 2018. ECF No. 24. On December 3, 2018, Defendant filed a reply. ECF No. 25. Pursuant to Local Rule 230(g), the Court determined that the motion to dismiss was suitable for decision on the papers, and the motion was deemed submitted on December 4, 2018. ECF No. 26. For the following reasons, Defendants' motion to dismiss is DENIED.

1

## II. **BACKGROUND**

The following facts are drawn from Plaintiff's FAC, and are accepted as true only for the purposes of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff is the owner of the Great American Car Wash in Fresno, California. ECF No. 18 ¶ 9. Defendant Matijevich is the sole shareholder of Defendant Fresno Auto Spa, Inc., a California corporation doing business as River Park Express Car Wash and located near Plaintiff's car wash. *Id*. ¶ 10. Plaintiff is the owner and author of a car wash brochure and inspection sheet (the "Copyrighted Material"). *Id*. ¶¶ 1, 9, 15. Plaintiff applied for and received copyright registration through the United States Copyright Office. *Id*. ¶ 16.

On or around the summer of 2017 Plaintiff became aware that Defendants had "copied verbatim, reproduced on paper, [and] distributed to their customers" the Copyrighted Material without Plaintiff's license or permission. *Id*. ¶¶ 17 (emphasis omitted). Defendants gained access to the Copyrighted Material circa 2014 through former employees of Plaintiff. *Id*. ¶ 18. Defendants began using the Copyrighted Material at some point between 2014 and 2017. *Id*. Specifically, Defendants copied verbatim a portion of the text contained in the Copyrighted Material and used that text in a document titled "Riverpark Car Wash." *Id*. ¶ 17(a)-(b). Defendants used the document in their business by providing it to customers in order to disclaim liability for damage to vehicles. *Id*. ¶ 17(b). Plaintiff did not license or authorize Defendants' use of the Copyrighted Material. *Id*. ¶ 19. Plaintiff notified Defendants of the allegedly infringing use and demanded that Defendants cease further use of the Copyrighted Material. *Id*. ¶ 19.

## III. **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted

as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### IV. ANALYSIS

The Copyright Act of 1976 provides that

> the owner of copyright under this title has the exclusive rights to do and to

3

> authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. § 106. "'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work . . . 'is an infringer of the copyright.'" *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) (quoting 17 U.S.C. § 501(a)).

Copyright infringement has two basic elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[A] certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid." *Bibbero Sys, Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990). In the ordinary infringement case, "the dispute centers on the second prong—whether, for example, the copying was a 'fair use,' or whether the materials taken were 'original.'" *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

The second prong "has two distinct components: 'copying' and 'unlawful appropriation.'" *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018). The first component is necessary because "if the defendant created his [work] independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement." *Id*. The second component reflects the concept that copyright law forbids only "illicit copying," that is, not copying merely the "ideas" or "concepts" in the plaintiff's work but copying "enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Id*. (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010). A plaintiff may prove copying either by direct evidence or "circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id*. The defendant may rebut such evidence by proving

his or her independent creation of the material. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). Courts in the Ninth Circuit have held that a valid copyright infringement claim "must allege only the basic elements of infringement." *See Basevi, Inc. v. Acorn Co.*, No. CV 08–7145 AHM (JTLx), 2009 WL 764532, at *4 (C.D. Cal. Mar. 19, 2009) (collecting cases).

Copyright protects a given expression of an idea, not the idea itself. *Mazer v. Stein*, 347 U.S. 201, 218 (1954). Facts are not copyrightable, nor are "expressions that are standard, stock, or common to a particular subject matter or medium." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). "Where a copyrighted work is composed largely of 'unprotectable' elements, or elements 'limited' by 'merger,' 'scenes a faire,' and/or other limiting doctrines, it receives a 'thin' rather than a 'broad' scope of protection." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1178 (C.D. Cal. 2001) *aff'd in relevant part, dismissed in part*, 90 Fed.Appx. 496 (9th Cir. 2003), *as amended on denial of reh'g* (Mar. 9, 2004). When a work is entitled only to "thin" protection, "virtual identity," instead of "substantial similarity," is the appropriate standard for illicit copying. *Ets-Hokin v. Skyy Spirits, Inc*. (*Ets-Hokin II*), 323 F.3d 763, 766 (9th Cir, 2003).

Plaintiff alleges that he has obtained a certificate of registration for the Copyrighted Materials from the United States Copyright Office. ECF No. 18 ¶ 16. This certificate constitutes *prima facie* evidence of copyrightability, shifting the burden to Defendants to demonstrate that the copyright is not valid. 17 U.S.C. § 410(c); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1019 (9th Cir. 1985).

A. **Blank Form Exception**

In support of their motion to dismiss, Defendants argue that the reproduced aspects of the Copyrighted Material are not subject to protection due to the "blank forms" rule. ECF No. 22 at 11. This constitutes a challenge to the copyrightability of the portions of the Copyrighted Materials that Plaintiff alleges have been reproduced. Plaintiff argues that the blank forms rule does not apply because the Copyrighted Material contains and "conveys information that is highly relevant and valuable to a

consumer." ECF No. 24 at 3.

"It is well established that blank forms which do not convey information are not copyrightable." *Bibbero*, 893 F.2d at 1106. Blank forms not subject to copyright protection include "time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information." 37 C.F.R. § 202.1(c). An exception to the blank forms rule exists in the Ninth Circuit when text is integrated with a form and the work as a whole has "explanatory force because of the accompanying copyrightable textual material." *Bibbero*, 893 F.2d at 1107. The Ninth Circuit's formulation of the blank forms exception has been the subject of criticism as being based on dicta, inconsistent with the purposes of the Copyright Act, and based on an inconsistent rationale. *See*, *e.g.*, *Advanz Behavorial Mgmt. Res., Inc. v. Miraflor*, 21 F. Supp. 2d 1179, 1183-87 (C.D. Cal. 1998). The rule nevertheless remains good law in this circuit.

Based on Plaintiff's allegations and the exhibits attached to the FAC, the Copyrighted Material is not purely a blank form conveying no information. The Copyrighted Material, considered as a whole, contains blank fields where information may be recorded, but also includes explanatory statements such as lists of services provided, a description of a membership program, and notices regarding liability. ECF No. 18-1 at 4 (Compl. Ex. A at 3). These statements convey specific information about the nature and extent of the services Plaintiff's business offers. They are not of the purely functional, instructional type which are excepted from copyright protection. Viewing the form as a whole, the blank form exception would not apply because the Copyrighted Material conveys specific information.

Moreover, as Defendants acknowledge, Plaintiff's allegations of infringement center on the liability disclaimer. ECF No. 22 at 9. The inspection sheet as a whole, with its blanks for filling in customer information, is not the thrust of Plaintiff's allegations of infringement. Rather, it is the alleged copying of the liability disclaimer, which by no plausible stretch of the term could be considered a "blank form." The mere presence in that disclaimer of spaces for a customer's name, signature, and the

date do not render the disclaimer itself a blank form of the sort described in 17 C.F.R. §202.1(c). Therefore, Defendants' arguments regarding the blank form exception are not a convincing basis on which to grant Defendants' motion to dismiss.

**B.     Functional Work**

Defendants argue that the Copyrighted Material is a functional work designed to enable the collection of information, and therefore is not copyrightable. ECF No. 22 at 12-13. Because the Copyrighted Material is an inspection sheet primarily designed to collect information in order to perform Plaintiff's business activities, and its elements are dictated by their utility in that task, Defendants contend that the Copyrighted Material cannot be protected. *Id*. at 13. Plaintiff responds arguing that the Copyrighted Material contains creative elements and elements which could be expressed in other manners, and is therefore copyrightable. ECF No. 24 at 4.

"In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery." 17 U.S.C. § 102(b). Processes or systems contained within functional works, that is, those works designed to assist in accomplishing a task, are therefore not protected under copyright law. *Sega Enters. Ltd. v. Accolade, Inc*, 977 F.2d 1510, 1525 (9th Cir. 1992). Blank forms are sometimes characterized as a type of unprotectable functional work. *See Apple Computer, Inc. v. Microsoft Corp*, 799 F. Supp. 1006, 1021 (9th Cir. 1992). Works containing strong functional elements are entitled only to "thin" copyright protection. *Sega*, 977 F.2d at 1524.

Plaintiff's allegation is that Defendants impermissibly copied the liability disclaimer from the Copyrighted Materials. Plaintiff does not allege that the entire inspection sheet was copied, only that the liability disclaimer was copied. The mere fact that the Copyrighted Material has a business purpose of collecting and disseminating information does not render it unprotectable. The exclusion of functional works from copyright protection is intended to prevent the copyrighting of a method or process that is dictated by the purpose served. It is not intended to block copyright protection of expressive works.

While the "contents" of the Copyrighted Material and liability disclaimer are unprotectable ideas, copyright does protect the manner of their presentation. *See Affiliated Hosp. Prods., Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183, 1188 (2d Cir. 1975) (copyright of a game rulebook protected an "arrangement of the rules and the manner of their presentation, and not their content"). Additionally, even if the Copyrighted Material is a functional work, it is still entitled to thin copyright protection.

**C.     Merger and Scènes à Faire**

Finally, Defendants contend that the related doctrines of merger and scènes à faire bar Plaintiff's complaint because, by its nature, a liability disclaimer of the sort at issue here can only be expressed in one or a few ways. ECF No. 22 at 13. Allowing Plaintiff to copyright this disclaimer would be tantamount to permitting a copyright on the idea of a liability disclaimer. *Id*. at 15. Plaintiff argues that the application of the merger and scènes à faire doctrine requires factual determination not suitable for a Rule 12(b)(6) motion, and that the disclaimer has elements of creativity which render it protectable. ECF No. 24 at 4. Additionally, even if the doctrines apply, the Copyrighted Materials would still be subject to thin protection. *Id*. at 5.

"Merger means there is practically only one way to express an idea." *Apple Computer*, 799 F. Supp. at 1021. The doctrine of merger is "a prophylactic device to ensure that courts do not unwittingly grant protection to an idea by granting exclusive rights to the only, or one of only a few, means of expressing that idea." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 838 (10 Cir. 1993).

> Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the work can be expressed only in one way, lest there be a monopoly on the underlying idea. In such an instance, it is said that the work's idea and expression "merge." Under the related doctrine of scènes à faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea; like merger, the rationale is that there should be no monopoly on the underlying unprotectable idea.

*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) (internal citation and footnote omitted). There is disagreement as to whether merger and scènes à faire bear on the question of

8

copyrightability or are instead affirmative defenses to infringement, but in the Ninth Circuit, both doctrines are treated as defenses to infringement. *Id.*; *see also Oracle Am, Inc. v. Google, Inc.*, 750 F.3d 1339, 1349 (Fed. Cir. 2014). Like functional works, works that fall within the ambit of the merger or scènes à faire doctrines are entitled only to a "thin" copyright protection that protects them from virtually identical copying. *Ets-Hokin II*, 323 F.3d at 766; *Apple Computer, Inc. v. Microsoft Corp*, 35 F.3d 1435, 1439 (9th Cir. 1994).

The parties do not dispute that the disclaimer is the specific portion of the Copyrighted Materials alleged to have been copied, but neither party cites any case that bears squarely on the extent of copyright protection afforded to disclaimers or similar legalistic language. Some courts have concluded that disclaimers are protectable under copyright law when an author "independently and carefully selected the meaningful words to craft its disclaimer" and because there are several wordings possible for a disclaimer. *Lumos, Inc. v. LifeStrength, LLC*, No. 2:12-cv-1196-TC, 2014 WL 4355451, at *7 (D. Utah Sept. 3, 2014). Similar to a disclaimer of liability, insurance policies contain legalistic language, a specific formulation of which is often one of only a few possible alternatives. In those contexts, "striking similarity of language between two insurance policies may be totally explicable by the nature of the insurance art." *Continental Casualty Co. v. Beardsley*, 151 F. Supp. 28, 36 (S.D.N.Y. 1957). One court explained that copyrights on insurance policies "only restricted the use or copying of the means of expression selected by [the copyright holder] to the extent that such means were original." *Dorsey v. Old Sur. Life Ins. Co.*, 98 F.2d 872, 873 (10th Cir. 1938). "Necessarily, where the same contractual provision is to be expressed there will be similarity of language. To constitute infringement in such cases a showing of appropriation in the exact form or substantially so of the copyrighted material should be required." *Id.* at 874 (citing *Brightley v. Littleton*, 37 F. 103 (E.D. Penn. 1888) (holding that forms created through "some learning, and involv[ing] some literary labor" are protected only against "transcribing and publishing" and do not confer a monopoly upon the form). One district court found not copyrightable statements in a brochure that expressed concepts such as "the idea that the damage waiver

9

program does not cover damage or loss resulting from a pet or that it does not apply to a renter's own personal property are difficult to convey in language substantially different than the language employed," but the brochure's "distinctive organization and wording that is suggestive of an insurance form" were protected. *MDM Grp. Assocs., Inc. v. Resortquest Intern., Inc.*, Civil Action No. 06-cv-01518-PAM-KLM, 2009 WL 2924821, at *11 (D. Colo. Sept. 9, 2009).

Plaintiff argues that application of the merger and scènes à faire doctrines require factual determinations that go beyond the scope of a motion to dismiss under Rule 12(b)(6). ECF No. 24 at 4 (citing *Iditasport Alaska v. Merchant*, No. 3:18-cv-0068-HRH, 2018 WL 4365492 (D. Alaska Sept. 13, 2018)). Ample case law demonstrates that a district court may address whether a reasonable finder of fact could conclude that copyrighted and allegedly infringing materials are substantially similar on a motion to dismiss when both materials are before the court. *See Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("[W]hen the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Warner Bros. Inc. v. Am. Broadcasting Corp.*, 720 F.2d 231, 239-40 (Though the issue of substantial similarity is frequently a fact issue for jury resolution, . . . a court may determine non-infringement as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.") (internal quotation marks and citations omitted). While the Court is not aware of any corresponding case law applying the same approach to a "virtually identical" determination for materials protected only by a thin copyright, it is not an unreasonable extension of existing law.

However, the Court cannot conclude from the pleadings alone that merger or scènes à faire apply. First, Defendants' conclusion that a liability disclaimer can be expressed in only a few ways is unsubstantiated. *See L.A. Printex Indus., Inc. v. Global Gold, Inc.*, No. CV 08-7316 AHM (JTLx), 2009 WL 453105, at *2 (C.D. Cal. Feb. 20, 2009) (conclusory assertion that floral patterns are within the

public domain and therefore subject to thin protection was not sufficient at motion to dismiss stage). It is not readily apparent from the FAC that there are sufficiently few means of expressing the ideas in the disclaimer such that the ideas and expressions merge, or that the language of a disclaimer is akin, in the legal profession, to a stock scene or character. Defendants offer no authority suggesting that disclaimers of this sort can only be crafted in one or two ways. Instead, Defendants attempt to shift the burden of showing that there are many ways of expressing the idea of a liability disclaimer onto Plaintiff. *See* ECF No. 25 at 5. Once the presumption of copyrightability has been established by the existence of a copyright registration certificate, it is the burden of the party challenging copyrightability to show that an exception applies. Moreover, on a motion to dismiss under Rule 12(b)(6) the Court assumes the truth of well pled allegations and does not engage in factual determinations. There is a marked and conspicuous similarity in the two disclaimers, including word choice and phrasing, but it is not readily apparent from the compliant that the similarities are owed to the nature of a disclaimer.

Even if the Copyrighted Material is a functional work, or merger or scènes à faire applied, it is still entitled to thin protection. The Court cannot conclude as a matter of law that thin protection would not bar the alleged infringement. A reasonable finder of fact could conclude that the disclaimer of liability contained within Defendants' form is virtually identical to its opposite number in the Copyrighted Material. Notable is the identical wording in the salutation and first sentence, the first clause of which is non-functional as a disclaimer in that it expresses in "advertising speech" the intention to provide excellent service. The only changes, apart from those mandated by the layout, are the alteration of the word "best" to all-caps, the addition in Defendants' disclaimer of a comma between "service" and "and," the replacement of underlining with all-caps and the deletion of the word "any" in the phrase "necessary for us to disclaim any and all damages," and omissions to the list of specific types of damage for which liability is disclaimed. Defendants' sheet also includes a bolded statement to the effect that car wash employees are not permitted to remove child seats or other child restraints. ECF No. 18-1 at 4. Therefore, even assuming that the Copyrighted Material is entitled only to "thin" copyright

protection, Defendants' motion to dismiss fails. *See Minx Int'l Inc. v. Club House Creations Inc.*, 2:15-cv-05645-CAS(PLAx), 2016 WL 878479, at *5 (C.D. Cal. Mar. 7, 2016) ("[E]ven if plaintiff's work is at best eligible for 'thin' copyright protection—as defendant contends—plaintiff has nonetheless adequately stated a claim for relief, since the two works are in fact 'virtually identical,' if not wholly identical."); *Vivo Per Lei, Inc. v. Bruchim*, CV 11-5169-GW(JCGx), 2012 WL 13008731, at *5 (C.D. Cal. Apr. 2, 2012) (denying motion to dismiss where thin copyright protection could apply on the facts as alleged).

## V. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: **February 11, 2019**        /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE