| | |
|---|---|
| **A.J. RASSAMNI,** | 1:18-cv-00738-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS ABUSE OF PROCESS COUNTER-CLAIM** |
| v. | |
| **FRESNO AUTO SPA, INC., dba RIVER PARK EXPRESS CAR WASH, STEVAN MATIJEVICH, and DOES 1 to 25, inclusive,** | **(ECF No. 33)** |
| Defendants. | |
| **FRESNO AUTO SPA, INC., dba RIVER PARK EXPRESS CAR WASH, and STEVAN MATIJEVICH,** | |
| Counter-Claimants, | |
| v. | |
| **A.J. RASSAMNI,** *et al.***,** | |
| Counter-Defendants. | |

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

## I. INTRODUCTION

A.J. Rassamni ("Plaintiff" or "Rassamni") brings this copyright infringement action against Fresno Auto Spa, Inc. and Stevan Matijevich (collectively, "Defendants") concerning certain printed materials related to the car wash industry. ECF No. 18. Defendants filed a Counterclaim for abuse of process against Rassamni and other unnamed Counter-Defendants, ECF No. 30 at 13, as well as a Third-Party Complaint in which they assert claims for abuse of process, breach of contract, unjust enrichment,

1

quantum meruit, equitable indemnification, apportionment, and comparative fault against an additional individual, Juan Ramirez ("Ramirez"). ECF No. 31. The abuse of process claim alleges that Counter-Defendants, including Rassamni, "work[ed] in concert" to "willfully [bring] a claim for copyright infringement that they knew was frivolous." *Id*. at ¶ 29. It is further alleged that Ramirez and Rassamni worked together to "fabricat[e] a claim against Counter-Claimants for the purpose of harassing Counter-Claimants, stifling competition, harming Counter-Claimants' business, and obtaining what Conter-Claimants and Rassammi believed would be a quick and easy payout for a claim they knew to be baseless." *Id*.

Before the Court for decision is Rassamni's motion to dismiss the abuse of process Counter-Claim. ECF No. 33. Counter-Claimants oppose dismissal. ECF No. 35. Rassamni filed a reply. ECF No. 37. The Court deemed the matter suitable for decision on the papers pursuant to Local Rule 230(g). ECF No. 38. Having reviewed the motion, opposition, and reply in light of the entire record, the Court GRANTS the motion and DISMISSES the abuse of process claim WITH LEAVE TO AMEND.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### III. ANALYSIS

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056-57 (2006) (citing 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 459, p. 547). While the tort has been "interpreted broadly to encompass the entire range of 'procedures' incident to litigation . . . . [¶] the essence of the tort is . . . misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Id*. at 1057 (internal quotations omitted). "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the

process not proper in the regular conduct of the proceedings." *Id*.

The California Supreme Court has clarified that "while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal. 3d 1157, 1169 (1986); *S.A. v. Maiden,* 229 Cal. App. 4th 27, 42 (2014); *see also JSJ Limited Partnership v. Mehrban,* 205 Cal. App. 4th 1512, 1523 (2012) (no claim for abuse of process based on supposedly frivolous complaint filed to extort settlement); *Contemporary Services Corp. v. Staff Pro Inc.* 152 Cal. App. 4th 1043, 1059 (2007) (same).

Counter-Claimants base their abuse of process claim at least in part on the allegation that Rassamni and Ramirez worked in concert to "willfully [bring] a claim for copyright infringement that they knew was frivolous." ECF No. 30 at ¶ 29. According to the above authorities, this fails to state a claim as a matter of law.[1] More specifically, the Counter-Claim alleges that Rassamni and Ramirez worked together to "fabricat[e] a claim against Counter-Claimants for the purpose of harassing Counter-Claimants, stifling competition, harming Counter-Claimants' business, and obtaining what Counter-Claimants and Rassammi believed would be a quick and easy payout for a claim they knew to be baseless." *Id*. But, working together to "fabricate a claim" necessarily involves conduct that occurred before the initiation of any lawsuit. Plaintiffs are correct in asserting that an essential element of an abuse of process is the wrongful use of <u>process</u>. *Id*. at ¶ 31. Abuse of process extends to procedures "incident to litigation," *Barquis v. Merchants Collection Assn*., 7 Cal. 3d 94, 104, n. 4 (1972), such as the abuse of the powers a litigant derives from the taking of a deposition as part of litigation-sanctioned discovery, *see Thornton v. Rhoden*, 245 Cal. App. 2d 80, 94-95 (1966), or other misuse of "the tools the

---

[1] The Court is not persuaded by Counter-Claimant's argument that Rassamni has not explained why the abuse of process claim failed. *See* ECF No. 35 at 3. The motion plainly argues that the facts alleged do not involve court process, s*ee* ECF No. 33 at 5, an argument made with far more clarity than the Counter-Claim has attempted to articulate a factual basis for the challenged claim.

law affords litigants once they are in a lawsuit." *Bidna v. Rosen*, 19 Cal. App. 4th 27, 40 (1993). The Court is unaware of any authority suggesting pre-litigation conduct, even if that conduct leads to the filing of a frivolous lawsuit, can give rise to an abuse of process claim. Therefore, the Court finds that the abuse of process Counter-Claim fails to state a claim and must be dismissed. Because it is plausible that the claim could be amended to fall within the scope of abuse of process, this dismissal is WITH LEAVE TO AMEND. The Court declines to address the applicability of the litigation privilege unless and until the abuse of process claim is amended, as it is not possible to determine in the abstract whether that privilege would apply to facts not yet alleged.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND. Counter-Claimants shall file any amended Counter-Claim within twenty (20) days of service of this order.

IT IS SO ORDERED.

Dated: **June 7, 2019**                     **/s/ Lawrence J. O'Neill**
                                            UNITED STATES CHIEF DISTRICT JUDGE